```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
TELFORD DESOUZA,

                    Plaintiff,

       -against-                        ORDER
                                        12-CV-0821(JS)(GRB)

1ST PRECINCT, DET. DANIEL FISCHER,
DET. RONALD H. STOEVER,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Telford DeSouza, Pro Se
                    # 435177
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No Appearances
```

SEYBERT, District Judge:

On February 16, 2012, incarcerated pro se plaintiff Telford DeSouza ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 against the defendants, the First Precinct, Det. Daniel Fischer and Det. Ronald H. Stoever (collectively, "Defendants"), accompanied by an application to proceed in forma pauperis. Plaintiff's financial status, as set forth in his declaration in support of the application, qualifies him to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is granted. However, for the reasons discussed below, the Complaint is sua sponte dismissed as against the 1st Precinct.

BACKGROUND

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that, on August 19, 2011 "I was being arrested and said officer/detectives threw me down to the curb of the street on my back and the other officer/detective place his knee in my lower back with excessive force causing injuries with in [sic] my lower back area." Compl. at ¶ IV. According to the Complaint, "once the officer place[d] hand cuffs on me they pull[ed] my pants down in public while I was on the ground and stuck his fingers in my rectum causing me much discomfort!" Id. Plaintiff claims that when he arrived at the police precinct, he "requested medical attention in which I was denied." Id.

As a result of the events described in the Complaint, Plaintiff claims to have sustained injuries including "pain in my lower back area and in my neck." Compl. at ¶ IV.A. Plaintiff seeks to recover an unspecified sum as "compensat[ion] for my pain and suffering due to my ailment of the actions that the officer inflicted upon me during my arrest." Compl. at ¶ V.

DISCUSSION

I. In Forma Pauperis

Having reviewed Plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that he is qualified to commence this action without prepayment of the

2

filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's request for permission to proceed in forma pauperis is GRANTED.

II. The Prison Litigation Reform Act

The Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's pro se complaint liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch

3

Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005).

III. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . .

42 U.S.C. § 1983 (2000).

To state a Section 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right; but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989).

A. Claims Against the 1st Precinct

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity

4

separate and apart from the municipality and therefore, cannot sue or be sued." See Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); see also Carthew v. County of Suffolk, 709 F. Supp. 2d 188, 194 (E.D.N.Y. 2010) (holding that the Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued); Barreto v. Suffolk County, No. 10-CV-0028, 2010 WL 301949, at * 2 (E.D.N.Y. Jan. 20, 2010) (holding that local police departments, such as the Suffolk County police department, are administrative arms of the County without the capacity to sue or be sued).

Here, the 1st Precinct is an arm of the municipality, Suffolk County, and thus lacks the capacity to be sued. Therefore, Plaintiff's claims against the 1st Precinct are dismissed with prejudice.

B. Claims Against Fischer and Stoever

Plaintiff alleges pursuant to Section 1983 that Defendants Fischer and Stoever used excessive force during the course of Plaintiff's arrest in violation of the Fourth Amendment, and that they denied him medical treatment in violation of the Eighth Amendment. Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against these Defendants. Accordingly, the Court order that the Complaint be served by the United States Marshal for the Eastern District of New York upon Detective Daniel

Fischer and Detective Ronald H. Stoever forthwith.

CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request to proceed in forma pauperis is GRANTED; and

IT IS FURTHER ORDERED that Plaintiff's claims against the 1st Precinct are sua sponte dismissed with prejudice; and

IT IS FURTHER ORDERED that the Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Detective Daniel Fischer and Detective Ronald H. Stoever without prepayment of fees.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March  14 , 2012
         Central Islip, New York